**Retno WAHYUNI; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74359.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioners.

Monica Antoun, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**432**

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Retno Wahyuni, her husband, and their two children, natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003), and we review due process claims de novo, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

■ The BIA did not abuse its discretion in denying Wahyuni's motion to reopen because it was untimely and Wahyuni failed to present evidence of material changed circumstances. *See* 8 C.F.R. § 1003.2(c)(2); *see also Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution.").

■ Wahyuni also claims the BIA violated her due process rights to a fair hearing because it did not allow Wahyuni to present evidence of changed circumstances. The claim fails because the motion to reopen was not granted and Wahyuni did not demonstrate error and substantial prejudice. *See* 8 U.S.C.

§ 1229a(c)(7) (stating that motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material); *see also Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

